UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DEAN WILKS,

    Plaintiff,

  v.

FEDERAL AVIATION ADMINISTRATION,

    Defendant.

No. C06-940P

ORDER OF DISMISSAL

    This matter comes before the Court on a report and recommendation (Dkt. No. 11) by the Honorable James P. Donohue, United States Magistrate Judge, on a motion to dismiss filed by Defendant Federal Aviation Administration (FAA). The FAA has objected to the report and recommendation's finding that this Court may exercise subject matter jurisdiction over Plaintiff's claims. (Dkt. No. 13). Having reviewed the report and recommendation, the FAA's objections, and the balance of the record, the Court declines to adopt the report and recommendation's analysis of subject matter jurisdiction issues. For the reasons stated below, the Court GRANTS the FAA's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and ORDERS that this case be dismissed for lack of subject matter jurisdiction.

**Background**

    Plaintiff James Deans Wilks, proceeding pro se and in forma pauperis, filed this action to challenge FAA regulations adopted in 2004. In his amended complaint, Plaintiff states that he is

ORDER - 1

challenging "sport pilot" regulations contained in 14 C.F.R. Part 61. The FAA construes Plaintiff's complaint as challenging regulations under 14 C.F.R. § 61.303.[1] On July 27, 2004, the FAA published notice that it was adopting this regulation as a final rule. See 69 Fed. Reg. 44772 (July 27, 2004).

14 C.F.R. § 61.303 generally provides that a person applying for a "sport pilot" certificate does not need to possess a medical certificate issued by the FAA if that person: (1) holds a current and valid U.S. driver's license; and (2) does not know of any medical condition that would make that person unable to operate a light-sport aircraft in a safe manner. However, the regulation also provides that if a person has previously held an FAA medical certificate that was revoked or suspended, that person may not use a current and valid U.S. driver's license to meet the requirements for obtaining a sport pilot certificate.

Plaintiff alleges that he has been a commercial pilot since 1979. Plaintiff indicates that he was diagnosed with manic-depressive illness in 1991 and that the FAA revoked his second class medical certificate as a result of this diagnosis. Plaintiff alleges that he "now seeks Pilot Certification under the 'new' Sport Pilot Rating[], implemented by the F.A.A. in 2004." (Amended Complaint at 3). Plaintiff argues that the FAA's regulations violate his rights under the Equal Protection Clause and the Americans with Disabilities Act. Plaintiff states that he seeks a change in the FAA regulations to allow experienced commercial pilots to qualify for a sport pilot certificate with a valid U.S. driver's license, regardless of whether such pilots have had a previously issued medical certificate revoked by the FAA. Plaintiff does not seek damages in his complaint.

On November 6, 2006, the FAA filed a motion to dismiss Plaintiff's complaint. Among other things, the FAA argued that this Court lacked subject matter jurisdiction over the action. The FAA's jurisdictional arguments were based on 49 U.S.C. § 46110(a) ("Section 46110(a)"), which provides in relevant part:

---

[1] It appears that the regulations that Plaintiff is challenging would also include similar regulations under 14 C.F.R. § 61.23(c)(2).

ORDER - 2

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Administrator of the Federal Aviation Administration with respect to aviation safety duties and powers designated to be carried out by the Administrator) . . . may apply for review of the order by filing a petition for review . . . in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

Pursuant to Section 46110(a), the FAA argued in its motion to dismiss that the court of appeals would have exclusive jurisdiction to hear Plaintiff's claims. Plaintiff filed no response to the FAA's motion to dismiss.

On March 29, 2007, Judge Donohue issued a report and recommendation on the FAA's motion. Judge Donohue recommended that the Court deny the FAA's motion to dismiss to the extent it argues that the Court lacks jurisdiction to review Plaintiff's challenge to the FAA regulation at issue in this case. Judge Donohue recommended that the Court should find that the requirements of Section 46110(a) do not apply in this case for the following reasons:

> If plaintiff were, in fact, challenging a final order of the FAA denying him a sport pilot certification based upon the provisions of 14 C.F.R. § 61.303, this Court concurs that § 46110(a) would apply and jurisdiction over plaintiff's challenge would be vested exclusively in the Court of Appeals. However, it is not clear from the record that plaintiff has ever applied for, and been denied, certification as a sport pilot. It appears that plaintiff has presented a challenge to the constitutionality of the regulations themselves as opposed to a challenge to the adjudication of a specific claim. Under these circumstances, § 46110(a) does not preclude this Court from exercising jurisdiction over plaintiff's claims. *See Tur v. FAA, et al.*, 104 F.3d 290, 292 (9th Cir. 1997) (citing *Mace v. Skinner*, 34 F.3d 854 (9th Cir. 1994)). Accordingly, defendant's motion to dismiss should be denied to the extent it argues that the Court has no jurisdiction to review plaintiff's challenge to the FAA regulation at issue here.

(Report and Recommendation at 3).

The FAA filed timely objections to the report and recommendation. Plaintiff did not file a response to the FAA's objections.

**Analysis**

In determining whether this Court has jurisdiction over Plaintiff's claims, the Court must first consider whether the challenged FAA regulations may be regarded as an "order" within the meaning of 49 U.S.C. § 46110(a). See Gilmore v. Gonzales, 435 F.3d 1125, 1132 (9th Cir. 2006). The Ninth Circuit has indicated that the term "order" in Section 46110(a) (and in its predecessor statute 49

ORDER - 3

U.S.C. § 1486(a)) should be construed broadly. Id.; see also San Diego Air Sports Center, Inc. v. FAA, 887 F.2d 966, 968-69 (9th Cir. 1989) (noting that Section 46110(a)'s predecessor statute is to be interpreted expansively). As the FAA notes in its objections, many courts have stated that the term "order" may include FAA regulations adopted through informal rule-making. See, e.g., Northwest Airlines, Inc. v. Goldschmidt, 645 F.2d 1309, 1314-15 (8th Cir. 1981); Sima Prods. Corp. v. McLucas, 612 F.2d 309, 312-13 (7th Cir. 1980); City of Rochester v. Bond, 603 F.2d 927, 933 and n. 26 (D.C. Cir. 1979).  It should be noted that because the FAA did not cite these authorities in its motion to dismiss, Judge Donohue did not have the benefit of this case law in issuing the report and recommendation.

In this case, the regulations challenged by Plaintiff were adopted by the FAA in 2004, following informal notice-and-comment rulemaking procedures.[2] See 69 Fed. Reg. 44772 (July 27, 2004).  Under Sima and similar authorities, the regulations may be regarded as an "order" within the meaning of Section 46110(a).  This reading of the statute is buttressed by Hawaii Helicopter Operators Ass'n v. FAA, 51 F.3d 212 (9th Cir. 1995), a case in which the Ninth Circuit heard a direct challenge to FAA regulations pursuant to Section 46110(a).  As the FAA suggests, the Ninth Circuit could not have exercised jurisdiction in Hawaii Helicopter Operators pursuant to Section 46110(a) unless the FAA regulations at issue in that case constituted an "order" under the statute.

In recommending that the Court exercise subject matter jurisdiction over this action, the report and recommendation relies on Tur v. FAA, 104 F.3d 290 (9th Cir. 1997), and Mace v. Skinner, 34 F.3d 854 (9th Cir. 1994).  In those cases, the Ninth Circuit indicated that Section 46110 and its

---

[2] "Informal" rulemaking includes rules made through notice and comment procedures like those used by the FAA in this case, while "formal" rulemaking includes rules that must be made through trial-like procedures. See Charles H. Koch, Jr., Administrative Law & Practice § 4.11[1] (2d ed. 1997); see also Jeffrey S. Lubbers, A Guide to Federal Agency Rulemaking at 58-60 (4th ed. 2006) (explaining distinction between formal and informal rulemaking).

ORDER - 4

1 predecessor statute did not divest a district court of jurisdiction to hear a Bivens-type[3] damages action

2 challenging the constitutionality of actions by FAA officials, provided that the damages claim was not

3 "inescapably intertwined" with the merits of an FAA order. See Tur, 104 F.3d at 292; Mace, 34 F.3d

4 at 858-60. In reaching this conclusion, the Mace court noted that Section 46110's predecessor statute

5 did not authorize a court of appeals to award damages for cases brought under the statute, but instead

6 simply provided that a court of appeals may "affirm, modify, or set aside the order complained of."

7 Mace, 34 F.3d at 858. Similar language now appears in Section 46110(c). The Mace court also noted

8 that the plaintiff's claims "constitute a broad challenge to the allegedly unconstitutional actions of the

9 FAA." Id.

10      The FAA argues that Tur and Mace are inapplicable in this case because Plaintiff is not

11 bringing a Bivens-type action for money damages against individual FAA officials, but is instead

12 "seeking a change in the Federal Aviation Regulations." (Amended Complaint at 9). The FAA's

13 argument finds some implicit support in Ninth Circuit case law. As the Ninth Circuit recently

14 explained, "[i]n principle, a district court may decide a claim for *damages* because § 46110 does not

15 grant the court of appeals jurisdiction over this form of relief." Americopters, LLC v. FAA, 441 F.3d

16 726, 736 (9th Cir. 2006) (emphasis added). Similarly, the court in Foster v. Skinner, 70 F.3d 1084,

17 1088 (9th Cir. 1995), indicated that a district court has subject matter jurisdiction over broad

18 constitutional challenges to FAA practices in cases where Section 46110 "provides no remedy for such

19 claims." By contrast, the relief sought by Plaintiff in this case – a modification of an FAA order – is a

20 form of relief that Section 46110 squarely authorizes the court of appeals to provide. See 49 U.S.C. §

21 46110(c). Neither Tur nor Mace indicate that the provisions of Section 46110 are inapplicable when a

---

24    [3] As the Ninth Circuit has explained, a "Bivens action" is "a commonly used phrase for describing a judicially created remedy for allowing individuals to seeks damages for unconstitutional

25 conduct by federal officials." Stanley v. Gonzales, 476 F.3d 653, 657 n.1 (9th Cir. 2007).

ORDER - 5

plaintiff brings an action to modify an FAA order, as opposed to a <u>Bivens</u>-type claim for money damages against FAA officials.

To be sure, <u>Tur</u> and <u>Mace</u> both state that Section 46110 does not divest a district court from hearing a broad constitutional challenge to FAA actions, unless the constitutional challenge is "inescapably intertwined" with a review of the merits of an FAA order.  But even assuming that the "broad constitutional challenge" rule applies in cases where, as here, Plaintiff is not maintaining a <u>Bivens</u>-type action for damages, Section 46110 would still divest this Court of jurisdiction in this case because Plaintiff's constitutional claim is "inescapably intertwined" with a review of the merits of the FAA order.  The "order" challenged by Plaintiff is an FAA rule precluding persons whose medical certificates were previously revoked from using a current and valid U.S. driver's license to obtain a sport pilot certificate.  To resolve Plaintiff's constitutional challenge to the FAA order, it would be necessary to consider the merits of the order, such as whether the classifications in the order are rationally related to a legitimate government interest.  Under these circumstances, Section 46110 would continue to apply and would divest this Court of jurisdiction to hear Plaintiff's claims.

This point is illustrated by <u>Gilmore v. Gonzales</u>, 435 F.3d 1125 (9th Cir. 2006), where the Ninth Circuit recently held that a district court lacked jurisdiction under Section 46110 to hear an airline passenger's due process vagueness challenge to a security directive issued by the Transportation Security Administration (TSA).  The court noted:

> Although the Security Directive is an "order" within the meaning of 49 U.S.C. § 46110(a), the district court maintains jurisdiction to hear broad constitutional challenges to Defendants' actions.  That is, the district court is divested of jurisdiction only if the claims are "inescapably intertwined with a review of the procedures and merits surrounding the . . . order."  <u>Mace</u>, 34 F.3d at 858.  Gilmore's due process vagueness challenge is "inescapably intertwined" with a review of the order because it squarely attacks the orders issued by TSA with respect to airport security.

<u>Gilmore</u>, 435 F.3d at 1133 n.9.  As in <u>Gilmore</u>, Plaintiff's equal protection challenge would be "inescapably intertwined" with a review of the FAA order because Plaintiff is "squarely attacking" the

ORDER - 6

FAA order for sport pilot certification. Under the logic of Gilmore, Section 46110(a) would be applicable in this case and would divest this Court of jurisdiction.

Therefore, the Court finds that Section 46110(a) applies in this case and that this Court lacks jurisdiction over Plaintiff's claims.

**Conclusion**

49 U.S.C. § 46110(a) generally divests this Court of jurisdiction to review "orders" issued by the FAA. The FAA regulations challenged by Plaintiff in this case may be regarded as an "order" under Section 46110(a). Although the Ninth Circuit's decisions in Mace and Tur indicate that a district court may retain jurisdiction in certain cases to hear broad constitutional challenges to FAA actions, neither Mace nor Tur indicate that the district court retains jurisdiction where, as here, Plaintiff seeks to modify an FAA order and does not seek to maintain a Bivens-type action for damages. In addition, this Court does not have jurisdiction to hear a broad constitutional challenge to FAA actions when such a challenge is "inescapably intertwined" with a review of the merits surrounding an FAA order.

For these reasons, the Court finds that it lacks subject matter jurisdiction under 49 U.S.C. § 46110(a) to adjudicate Plaintiff's claims. Therefore, the Court declines to adopt the report and recommendation's analysis of subject matter jurisdiction issues and GRANTS the FAA's motion to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The Clerk is directed to send copies of this order to Plaintiff, to all counsel of record, and to the Honorable James P. Donohue.

Dated: June 8, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge